IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRANKLIN DUANE WALSTON, §<br>Petitioner, §<br>VS. §<br>§<br>NATHANIEL QUARTERMAN, §<br>Respondent. § | CIVIL ACTION NO. H-07-2142 |

MEMORANDUM ON DISMISSAL

Petitioner Franklin Duane Walston seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a civil commitment order imposed in the 359th Judicial District Court of Montgomery County, Texas.

The threshold issue is whether Walston has presented his grounds for federal habeas relief to the highest state court with criminal jurisdiction. Having considered the record, and applicable authorities, the court dismisses Walston's petition for failure to exhaust available state court remedies.

I.  **Background**

Walston is challenging a civil commitment order imposed by the 359th Judicial District Court of Montgomery County, Texas. Walston does not provide information regarding the date this civil commitment was imposed or the length of the sentence.

Through online research, the court has learned that Walston and others sought to enjoin all judicial proceedings currently being conducted under the terms of the Civil Commitment of Sexually Violent Predators Act ("Act"), Title 11, Chapter 841 of the Texas Health and Safety Code, and requested that Maria Molett, the Council on Sex Offender Treatment's representative on the multidisciplinary team ("Team"), and her successors be enjoined from attending meetings of the Team. They also sought a judgment declaring the statute unconstitutional on its face and in its application. The 284th District Court, Montgomery County, denied relief. In affirming the judgment, the appellate court held that: (1) the provisions governing determination of sexually violent predator status did not violate due process or equal protection; (2) the provisions governing initial screening assessment by multidisciplinary team did not violate separation of powers clause, due process, equal protection, or right to counsel; (3) Act was not punitive in nature; (4) provision allowing for judicial determination of requirements for compliance with supervision and treatment did not violate separation of powers clause, and was not unconstitutionally vague; and (5) provision governing biennial review did not violate due process or equal protection. *Beasley v. Molett,* 95 S.W.3d 590 (Tex. App. -- Beaumont 2002).

The court has learned through telephone inquiry that Walston was convicted in the 248th Judicial District Court of Harris County, Texas on June 14, 2007 of failure to comply with the civil commitment order. (Cause Number 1076835). Walston was sentenced to life in prison. He was transferred to the TDCJ-CID on July 24, 2007.

From the petition, it appears that Walston is challenging the civil commitment order from the 359th Judicial District Court of Montgomery County, Texas. Walston does not mention the conviction for failure to comply with that civil commitment order. Walston has not filed a petition for discretionary review in the Texas Court of Criminal Appeals, and he has not filed an application for state habeas corpus relief.

On June 26, 2007, this court received Walston's federal petition. Walston contends that his conviction is void for the following reasons:

(1)  Counsel rendered ineffective assistance by allowing him to enter a guilty plea;

(2)  He was denied the right to appeal his conviction;

(3)  He was never tried or convicted, but he is being held under a civil commitment order entered by a family court; and

(4)  The State's special prosecution unit was unconstitutionally selected and caused Walston to be convicted in Montgomery County.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

## II.   The Issue of Exhaustion

Prisoners suing under section 2254 are required to exhaust their claims in state court before applying for federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). A state prisoner must exhaust available state court remedies before he can obtain federal habeas corpus relief unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. *Id.; Duncan v. Henry,* 513 U.S. 364, 365 (1995). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998)(citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).

A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement gives the states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *McGee v. Estelle*, 704 F.2d 764, 770 (5th Cir. 1983).

Congress has codified the doctrine of exhaustion of state remedies, reflecting the policy of federal-state comity. 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (I) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). A federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete. *Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998)(citing *Graham v. Johnson,* 94 F.3d 958, 970 (5th Cir. 1996)).

Walston states that he has not filed a state habeas application in the convicting court. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7). Nor does he indicate that he filed a petition for discretionary review in the Texas Court of Criminal Appeals. (*Id.* at 2-3).

Walston has not exhausted his available state court remedies because he has not presented, in a procedurally proper manner, his challenge to his civil commitment order to the state's highest court with criminal jurisdiction. This failure leaves this court with an improperly filed federal habeas petition, which is dismissed without prejudice to permit Walston to file a state application under Texas Code of Criminal Procedure article 11.01[1] to raise his claims.

## III.  Conclusion

Walston's federal petition for a writ of habeas corpus is DENIED. Walston's motion to proceed as a pauper, (Docket Entry No. 7), is GRANTED. This case is DISMISSED without prejudice. Walston's motion for this court to withdraw the

---

[1]This statute provides:
> The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.

TEX. CODE CRIM. PROC. art. 11.01.

filing fee from his inmate account, (Docket Entry No. 6), and motion to correct court's notice, (Docket Entry No. 4), are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. 484. Walston has not made the necessary showing for the issuance of a COA.

SIGNED at Houston, Texas, on July 26, 2007.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE